IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT D. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:16cv720-MHT |
| | ) | (WO) |
| M. REESE, Correctional | ) | |
| Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

In the defendants' special report, the defendants argue that the plaintiff's case should "be stricken" and that he "should not be able to bring a separate independent action" because he is a member of the class in 14cv601-MHT *Dunn v. Dunn* (now called *Braggs v. Dunn*) and, as a class member has "the right to grieve concerning any ADA-related complaints, as well as a mechanism for response and remedy." Special Report (doc. no. 14) at 5-6.

***

It is ORDERED that, by May 23, 2019, the defendants shall respond to the fact that the consent decree

entered in *Dunn v. Dunn* concerning claims arising under the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973, states as follows with regard to the dispute resolution process provided for in the decree: "Nothing in this Amended Agreement establishes a compulsory administrative prerequisite with which an Inmate must comply prior to the initiation of a lawsuit alleging violations of the Acts suffered during the Inmate's term of incarceration." Consent Decree (14cv601-MHT doc. no. 728) at 71; *Dunn v. Dunn*, 318 F.R.D. 652, 676 (M.D. Ala. Sept. 9, 2016) (Thompson, J.) (quoting relevant part of settlement agreement); *see also id.* at 678 ("A prisoner who seeks to assert a new and independent claim alleging a violation of the ADA or the Rehabilitation Act is free to file such a lawsuit in federal court.").

DONE, this the 16th day of May, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**