IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ROBERT D. ALLEN,          )<br>                           )<br>    Plaintiff,             )<br>                           )           CIVIL ACTION NO.<br>    v.                     )             2:16cv720-MHT<br>                           )                  (WO)<br> M. REESE, Correctional    )<br> Officer, et al.,          )<br>                           )<br>    Defendants.            ) | |

## OPINION

Plaintiff, a wheelchair-bound state prisoner, filed this lawsuit challenging the conditions of his confinement in Dorm A of the Kilby Correctional Facility under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990. He contends that, on one occasion, despite already having been cleared to the use the toilet by another officer, the defendant correctional officer maliciously denied him access to the toilet despite knowing that plaintiff needed immediate access to the toilet due to the effects of chemotherapy; and that, as a result, plaintiff defecated on himself, and the defendant

officer then denied him access to the shower to clean off the fecal matter.  He further contends that the conditions in Dorm A are unconstitutionally dangerous and/or violate the ADA due to insufficient access to the one available wheelchair-accessible toilet, and insufficient means of egress for wheelchair-bound prisoners in case of emergency because of the blocking of the exit ramp, narrowness of the exits, and the existence of an exit door that is impossible to open from the inside.

This case is before the court on the United States Magistrate Judge's recommendation that defendants' motion for summary judgment be granted.  There are no objections to the recommendation.  Upon an independent and de novo review of the record, the court concludes that the recommendation should be adopted to the extent that summary judgment should be granted, albeit for somewhat different reasons.  The court explains below those parts of the reasoning that it rejects.

*Eighth Amendment Claim on Inadequate Fire Safety and Bathroom Access for Wheelchair-Bound Prisoners*

In addition to his claim that a correctional officer denied him access to the bathroom and then to a shower after he defecated on himself, plaintiff also brought an Eighth Amendment claim regarding the general adequacy of bathroom access and fire safety for wheelchair-bound prisoners housed in Dorm A at Kilby. The magistrate judge recommended granting summary judgment on this claim based on his conclusion that photographs and a video submitted by the defendants conclusively demonstrate that wheelchair accessibility is sufficient and that plaintiff's claims are "blatantly contradicted by the record." *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling

3

on a motion for summary judgment."). The court disagrees for several reasons.

First, the magistrate judge's conclusion that prisoners in wheelchairs have an adequate escape route in case of fire rests in part on the conclusion that "the key to the rear fire exit door is kept at all times on a 'key board' in the Dorm A cubicle, which is manned 24 hours a day and 7 days a week." The conclusion that the cubicle is manned around the clock is unsupported by any evidence, as the wardens make no such representation in their affidavits; instead the conclusion rests only the defendants' lawyer's representation, which is not evidence. *See* Report and Recommendation (doc. no. 29) at 16; Second Supplemental Report and Recommendation (doc. no. 28) at 2 (representation); Affidavit of Leon Bolling (doc. no. 24-2); Affidavit of Phyllis Billips (doc. no. 14-4).

Second, the defendants have not submitted any evidence contradicting plaintiff's allegations about

4

the insufficient number of wheelchair-accessible toilets given the population housed in the dorm; the warden attested only that "[w]heelchair accessible toilets are available" for inmates in Dorm A. *See* Billips Affidavit (doc. no. 14-4). The warden's bald statement does not directly address the plaintiff's claim, which is that there is only one *usable* wheelchair-accessible toilet and that it is used by all prisoners in the dorm, not only those in wheelchairs, resulting in long wait times, and therefore is frequently unavailable when plaintiff urgently needs to use it due to his chemotherapy treatments.

Third, the video and photos provided by the defendants show an extremely overcrowded dorm with rows upon rows of beds and a very narrow access through one doorway, through which the wheelchair fit with little room to spare. This evidence gives the court little confidence that a person in a wheelchair could safely

escape in case of emergency, when many other prisoners presumably would also be rushing to escape.

Fourth, the photos and video were not filed until 2019--almost three years after plaintiff filed the case--and appear to represent the condition of the prison on one day in 2019. Thus, they in no way "blatantly contradict" plaintiff's claims as to the conditions in the prison in 2016, when he filed this case and his supporting affidavits. Indeed, the affidavit submitted by a warden in 2019 actually provides some support for plaintiff's claim that the rear exit door could not be opened from inside the dorm in 2016, because the warden's testimony suggests that the door was likely fixed sometime after plaintiff filed his lawsuit. *See* Bolling Affidavit (doc. no. 24-2) ("The lock on the door has been changed so the officers can open the door from the inside. *The lock has been changed for over two (2) years*.") (emphasis added). And, while the 2019 affidavit and video show

6

that the exit ramp is no longer blocked or too narrow to exit in a wheelchair, *see* Bolling Affidavit (doc. no. 24-2), the affidavit filed in 2016 by a defendant warden failed to say anything about plaintiff's claim that the ramp was blocked or too narrow to exit in a wheelchair, which implies that she was unable to contradict his statement at that time. *See* Billups Affidavit (doc. no. 14-4). At most, the video establishes that plaintiff's claim is now moot as to the exit ramp issues.

In any case, the court finds that summary judgment should be granted on plaintiff's Eighth Amendment claims regarding wheelchair accessibility because his claim is moot for another reason. Plaintiff seeks only injunctive and declaratory relief on these claims. *See* Complaint (doc. no. 1) at 11-12. However, plaintiff was reassigned to another prison in October 2018. As a result, his claim for injunctive relief regarding the conditions in Dorm A at Kilby

Correctional Facility is moot.  *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988).*  In addition, after defendants raised the mootness issue, plaintiff failed to show a reasonable likelihood that he would be subjected to the conditions in Dorm A again.  *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Therefore, the court will grant summary judgment on these claims.

*Americans with Disabilities Act Claims*

The court rejects the magistrate judge's reasoning for granting summary judgment on the ADA claims.  As noted in the recommendation, plaintiff seeks only injunctive relief on his ADA claims; thus, contrary to the recommendation, plaintiff need not show discriminatory intent to prevail on his ADA claims; that requirement applies only to ADA claims for

---

\* While plaintiff occasionally returns to Kilby Correctional Facility for a few days at a time, apparently for the purpose of medical treatment, he is only assigned to a holding cell or the infirmary on those occasions.  *See* Movement History (doc. no. 24-1).

compensatory damages. *See McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1146–47 (11th Cir. 2014) ("To prevail on a claim for compensatory damages under ... the ADA, a plaintiff must show that a defendant violated his rights under the statutes and did so with discriminatory intent."). Instead, on his Title II ADA claim, plaintiff "must prove (1) that he is a qualified individual with a disability; (2) that he was *either* excluded from participation in or denied the benefits of a public entity's services, programs, or activities, *or* was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007) (emphasis added). Here, plaintiff's theory was that the defendants denied him the benefits of a public entity's services, so there was no need to prove discriminatory intent.

Nevertheless, the court will grant summary judgment on the ADA claims because plaintiff's transfer to another prison has mooted them. See *Spears*, 846 F.2d at 1328.

An appropriate judgment will be entered.

DONE, this the 30th day of September, 2019.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE